Heirs of Vicente Soltero-Pagán, composed of his widow, Trinidad Acosta, and his children, Vicente, Alberto and Félix Pagán Acosta, Plaintiffs and Appellants, *v.* Porto Rico Railway, Light & Power Company, Defendant and Appellee.

No. 3641. Argued November 13, 1925.—Decided July 15, 1926.

*Luis Muñoz Morales* and *José G. Torres* for the appellants. *J. H. Brown* and *Clemente Ruíz Nazario* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

The heirs of Vicente Soltero brought an action for damages against the Porto Rico Railway, Light & Power Company for the death of said Vicente Soltero, alleging that the said Vicente Soltero was killed at Stop 28 on the electric car line through the fault and negligence of the defendant's employees in that they did not observe the regulation obliging them to stop the car at that place and failed to give warning or ring the bell when the electric car approached the said stopping place. It was alleged also that the brakes and their mechanism were not in good working condition.

After trial the district court rendered judgment dismissing the complaint on the ground that the evidence submitted by the plaintiffs was not sufficient to sustain their allegations, because it was not proved that the stopping of the car at the said place was obligatory when there were no passengers to take on or let off; that the preponderance of the evidence was against the plaintiffs on the point that the motorman did not ring the bell as a signal of danger, and that the evidence tended to show that the accident was due solely and exclusively to the negligence or carelessness of the victim himself, who did not act with the necessary precaution after he stepped down from a motorcar at the said place in order to go to the railroad station, but blindly crossed the track of the electric car line at the very moment when the car that struck him approached, the motorman not being able to observe his presence there in time to avoid the accident.

From this judgment the plaintiffs appealed, alleging as sole ground for their appeal that the lower court erred in holding that the allegations of the complaint had not been proved.

We have examined the evidence introduced at the trial in the lower court and consider the finding of the court fully

justified, for the plaintiffs not only failed to introduce evidence to the effect that the electric car that caused the death on which the claim is based was not in good condition, as the appellants would deduce from the mere fact that the car did not stop at a distance of five meters, but, on the contrary, the defendant proved by an expert witness that the mechanism and brakes of the car were in good condition. The plaintiffs did not show the existence of any statute, ordinance or regulation that made it a duty of the defendant to stop its car at that place. The evidence as to whether the signal bell was rung was conflicting, but preponderant in favor of the defendant. And we also agree with the lower court that the evidence showed that the death occurred through the negligence and carelessness of Vicente Soltero, who arrived at that place in a motorbus from which he stepped out, and, with a valise in his hand, attempted to cross the track and walk over to the railroad station, without noticing that a car of the defendant was very near, was struck by this car and although the motorman tried to stop the car by operating the brake, an incident strongly resembling that which occurred in the case of *Garcia* v. *San Juan Light & Transit Co.*, 17 P.R.R. 595. In the case of *People* v. *Vázquez*, 33 P.R.R. 188, the question of the criminal liability of the motorman was determined by the very fact that served as ground for this appeal, and, after a very exhaustive opinion in which the questions involved in this appeal were fully discussed, this court reversed the judgment of conviction and acquitted the defendant.

The judgment appealed from should be affirmed.